**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-565-RJC
(3:06-cr-115-1-RJC)**

| | |
|---|---|
| ASHLEY TERRELL BROOKS, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>                                             ) | **ORDER** |

**THIS MATTER** is before the Court on Respondent United States of America's ("Respondent") Motion for Summary Judgment, (Doc. No. 12), Petitioner Ashley Terrell Brooks's ("Petitioner") Motion to Hold in Abeyance Issue # 2, (Doc. No. 17), and Petitioner's Motion Requesting an Order for Adequate Representation of Defendant, (Doc. No. 19).

**I.    BACKGROUND**

Petitioner pled guilty to possession of a firearm by a convicted felon and was sentenced to 180 months in prison. United States v. Brooks, No. 07-4876, 2008 WL 4570469, at *1 (4th Cir. Oct. 14, 2008). Petitioner appealed, arguing that his plea was not knowing and voluntary, his sentence was procedurally flawed, and that his counsel was ineffective. Id. at *1-2. The Fourth Circuit denied his appeal. Id.

Brooks argued that his plea was not knowing and voluntary because he was misinformed regarding his status as an armed career criminal. Id. at *1. The Circuit denied this contention because the Magistrate Judge explained that Brooks might qualify for that enhancement and Brooks stated on the record that he understood. Id. (citing Beck v. Angelone, 261 F.3d 377, 395-96 (defendant usually bound by statements made under oath at Rule 11 hearing)).

The Fourth Circuit rejected Brooks's challenge to the Court's sentencing because the Court sentenced Brooks at the bottom of the properly calculated guidelines range. Id. at *2. Likewise, the Circuit denied Brooks's ineffective assistance claims. Id. at *1. Brooks argued that his counsel was ineffective for failing to advise him that he qualified as an armed career criminal and faced an enhanced sentence. Id. The court noted that such claims are more properly brought in a habeas action, but went on to find that Brooks could not show prejudice where the magistrate judge had informed him of this possibility. Id.

## II. ANALYSIS

### A. Abeyance

Petitioner asks the Court to hold in abeyance his purported claim that counsel was ineffective for failing to challenge the use of his prior North Carolina drug convictions as predicate offenses for Armed Career Criminal purposes. (Doc. No. 17). According to Petitioner, his 1991, 1993 and 1994 prior State drug convictions no longer qualify as serious drug offenses because as of October 1, 1994, North Carolina no longer prescribes a ten-year penalty for his crimes. (Id. at 3). Petitioner argues that the United States Supreme Court currently is scheduled to address the issue of whether a sentencing Court should look to the status of the prior conviction at the time of federal sentencing or the time the State sentence was imposed. (Doc. No. 17 at 2). Therefore, Petitioner asks the Court to await that decision before resolving his claim.

The Supreme Court case to which Petitioner points, however, has since been decided. See McNeill v. United States, 131 S. Ct. 2218 (2011). Moreover, the Court decided the issue against Petitioner. The Supreme Court held that "the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense when he

2

was convicted of it." Id. at 2220. Petitioner's Motion to Hold in Abeyance Issue # 2, (Doc. No. 17), is **DENIED.**

B. Adequate Representation

Petitioner seeks an investigator to question witnesses who can allegedly establish that Petitioner did not commit the crimes to which Petitioner pled guilty. (Doc. No. 19). An investigator is not required here. Petitioner has admitted that he is guilty. Petitioner's "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). His conclusory allegations that an investigator would find facts indicating that he is actually not guilty are insufficient to justify a new investigation. See id.; see also United States v. Ashley, 23 F. App'x 183, 183 (4th Cir. 2002) (no right to counsel in § 2255 proceedings). Petitioner's Motion Requesting an Order for Adequate Representation of Defendant, (Doc. No. 19), is **DENIED**.

C. Summary Judgment

1. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Following a review of the entire record, the Court finds that the pleadings and additional materials submitted by the parties conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

2. Analysis

Petitioner argues that his trial and appellate counsel provided ineffective assistance. (Doc. Nos. 1; 2). Petitioner argues that his trial counsel failed to: (1) recuse himself due to his failing health; (2) make a motion to suppress; (3) seek discovery of a patrol car video; (4) interview exculpatory witnesses; (5) seek Rule 11(a)(2) sanctions against the Government; (6) seek the appointment of an investigator; (7) test the government's case before advising Petitioner

4

to plead guilty; (8) advise Petitioner about the possible sentence enhancement he could face; (9) object to the sentencing enhancement; and (10) object to the Court's "sue sponte" [sic] action at sentencing. Petitioner argues his appellate counsel was ineffective for failing to conduct his own factual inquiry of Petitioner's case or to raise certain arguments on direct appeal.

Petitioner also argues that: (1) the government was guilty of prosecutorial misconduct in failing to turnover Brady material; (2) his plea was not knowingly and intelligently made; (3) his arrest was an unconstitutional seizure; (4) 18 U.S.C. § 922 is unconstitutional; (5) the Court's "sue sponte" [sic] application of the Armed Career Criminal Act sentencing enhancement violated Petitioner's Fifth Amendment Rights; (6) the Court deprived Petitioner of his Sixth Amendment right when it denied his attempts at replacing his counsel; and (7) the Court's denial of Petitioner's motions to withdraw his guilty plea was error.

      a.      Waived Claims

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973). Brooks attempts to do just that. His claims that the prosecution violated Brady and that his arrest was unconstitutional relate to pre-plea actions. These claims are dismissed.

Also, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Brooks failed to raise his challenges to 18 U.S.C. § 922, the Court's denial of replacement counsel, the Court's denial of Brooks's motions to withdraw his plea, or the Court's sua sponte

5

application of the Armed Career Criminal Enhancement on direct appeal. These claims are dismissed.

Brooks did challenge the voluntariness of his plea and ineffective assistance of counsel on direct appeal. Brooks voluntariness contention must be dismissed. As the Fourth Circuit found, the Magistrate Judge informed Brooks that the Armed Career Criminal enhancement may apply. United States v. Brooks, No. 07-4876, 2008 WL 4570469, at *1 (4th Cir. Oct. 14, 2008). Brooks's argument that his plea was involuntary because the Government failed to provide alleged Brady material must also be dismissed. Brady is a trial right. United States v. Moussaoui, 591 F.3d 263, 285 (4th Cir. 2010). The Government's failure to provide discovery before the entrance of a guilty plea does not invalidate that plea. Id. Brooks's voluntariness claims are dismissed.

b. Ineffective Assistance

Ineffective assistance claims are not waived by a petitioner's failure to raise them on direct appeal. Massaro, 538 U.S. at 509. To succeed on an ineffective assistance claim, Brooks must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by this deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). "In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Roberts, No. 10-4616, 2010 WL 1636927, at *1 (4th Cir. May 2, 2011) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Brooks first argues that his counsel's failure to recuse himself due to his failing was unreasonable. This claim is dismissed. Brooks's trial counsel died of a sudden heart attack and

6

did not previously exhibit any signs of poor health.

Brooks's argument that his trial counsel was ineffective for failing to advise him about the possible sentence enhancement he could face is dismissed. As the Fourth Circuit held, there could not have been any prejudice from such an alleged failure because the Magistrate Judge informed Brooks about this possibility. United States v. Brooks, 2008 WL 4570469, at *1.

Brooks's argument regarding his counsel's failure to make a motion to suppress is also dismissed. There is no indication that such a failure was ineffective. A witness told the police that an individual matching Brooks's description had threatened him with a firearm. (Presentence Report at 3). When the police approached Brooks they saw the butt of a gun protruding from his pocket. (Id.). Their search was constitutional.

Brooks's argument that counsel should have sought discovery of a patrol car video is likewise dismissed. There is no indication that such a video exists because the officers approached Brooks on foot.

Brooks's argument that his trial counsel should have investigated the case further, requested a private investigator, or interviewed potential witnesses himself is undermined by Brooks's statement that he was guilty. It cannot be said that his counsel's failure to investigate the truth of Brooks's admission was unreasonable.

Brooks also argues that his trial counsel was ineffective for failing to move for "Rule 11(a)(2) sanctions against the Government." It is not clear what rule the defendant is referring to, what such sanctions would be, or how they would have led Brooks to plead not guilty and insist on trial. This claim is dismissed.

Brooks argues that his trial counsel was ineffective at the sentencing stage in failing to object to the sentencing enhancement or the Court's "sue sponte" [sic] action at sentencing. the

Fourth Circuit has affirmed Brooks's sentence, holding that "the district court correctly calculated the guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors before imposing a sentence at the bottom of the guideline range and at the statutory minimum." United States v. Brooks, No. 07-4876, 2008 WL 4570469, at *2 (4th Cir. Oct. 14, 2008). Brooks cannot show how any alleged malfeasance prejudiced him at sentencing.

Brooks argues his appellate counsel was ineffective for failing to conduct his own factual inquiry of Brooks's case or to raise certain arguments on direct appeal. Brooks does not indicate what appellate counsel would have discovered had he conducted such an independent inquiry or why that extra-record information would have been admissible in his appeal. Further, "counsel is not deficient for not raising every non-frivolous issue on appeal." Beamon v. United States, 189 F. Supp. 2d 350, 357 (E.D. Va. 2002); see also Fitzgerald v. Greene, 150 F.3d 357, 369 (4th Cir. 1998).

Brooks's ineffective assistance claims are dismissed.

## III. CONCLUSION

Petitioner's Motion to Hold in Abeyance Issue # 2, (Doc. No. 17), is **DENIED**, as the decision he asks this Court to await has already been issued. Petitioner's Motion Requesting an Order for Adequate Representation of Defendant, (Doc. No. 19), is **DENIED** because he has not alleged sufficient information to justify looking beyond his guilty plea. Respondent's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED** because Brooks's claims have either been waived or lack merit.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Hold in Abeyance Issue # 2, (Doc. No. 17), is **DENIED**;
2. Petitioner's Motion Requesting an Order for Adequate Representation of

Defendant, (Doc. No. 19), is **DENIED**;

3. Respondent's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**; and

4. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DENIED.**

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge